UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SRG INVESTMENT, LLC                                    CIVIL ACTION

VERSUS

DISCOVER CARD SERVICES, INC.,               NO. 25-00369-BAJ-EWD
ET AL.

### RULING AND ORDER

Before the Court is the **Motion To Dismiss (Doc. 18)** filed by Defendant
Discover Bank, improperly named as Discover Card Services, Inc. ("Discover").[1]
Plaintiff opposes the Motion. (Doc. 20). Discover filed a Reply Brief. (Doc. 23).

For the reasons below, Discover's Motion is **GRANTED.**

## I.    BACKGROUND

This is a breach of contract case. Plaintiff SRG Investment, LLC, filed suit
against Defendants Discover, J.P. Morgan Chase National Corporate Services, Inc.
("Chase"), Marriott International, Inc., and Marriott Bonvoy Boutiques, LLC
(collectively "Marriott") to recover monies allegedly owed to Plaintiff. (Doc. 29-1).

Plaintiff alleges that it is the owner and operator of Springhill Suites
Baton Rouge South, a franchisee of Marriott. (*Id.* ¶ 3). Plaintiff alleges that it
contracted with Marriott to accept guest reservations through Marriott's reservation
system. (*Id.* ¶ 4). Guests allegedly input payment information into Marriott's
reservation system. (*Id.*). Chase then allegedly processed payments made by guests

---

[1] Discover Bank asserts that Plaintiff improperly named it as Discover Card Services, Inc. in
this case. (Doc. 18-1 at 1).

using Discover card services for distribution to Plaintiff. (*Id.*).

Plaintiff alleges that "[d]espite contractual obligations and assurances to the contrary the monies reflected on documentation from Marriott, Chase, and Discover [] were not deposited" into Plaintiff's account. (*Id.* ¶ 6). Plaintiff further alleges that it has not received payment for the reservations at issue made between September 2019 and June 2023. (*Id.* ¶ 10). Finally, Plaintiff alleges that "Defendants are in possession of, or have wrongfully transferred, the funds which rightfully belong to Plaintiff and, in doing so, [Defendants] have violated the terms of their contracts with Plaintiff by failing to deliver said funds." (*Id.* ¶ 11).

Now, Discover moves to dismiss Plaintiff's breach of contract claim against it, arguing that Plaintiff's vague allegations are insufficient to establish that Plaintiff and Discover had a contractual relationship. (Doc. 18-1 at 1). For the following reasons, Discover's Motion (Doc. 18) will be **GRANTED.**

## II.   PROCEDURAL HISTORY

On March 13, 2025, Plaintiff filed suit in state court. (Doc. 1-1). On April 29, 2025, Discover removed the case to this Court, asserting diversity jurisdiction. (Doc. 1). Where jurisdiction is founded on diversity, federal courts must apply the substantive law of the forum state. *Meadors v. D'Agostino*, No. CV 18-01007-BAJ-EWD, 2020 WL 1529367, at *3 (M.D. La. Mar. 30, 2020) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). Here, the Court must apply Louisiana law.

Discover subsequently amended the Notice of Removal several times to correct deficiencies identified by the Magistrate Judge. (Doc. 4; Doc. 10; Doc. 13; Doc. 15–

2

Doc. 17; Doc. 22; Doc. 26; Doc. 28–Doc. 29). Thereafter, the Court entered a Scheduling Order. (Doc. 31). Now, the matter is before the Court on Discover's Motion to Dismiss. (Doc. 18).

## III.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft,* 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

3

## IV.    DISCUSSION

In its Motion, Discover asks the Court to dismiss Plaintiff's sole claim against it for breach of contract. (Doc. 18). Discover argues that Plaintiff has not, and cannot, show that it had a contractual relationship with Discover. (Doc. 18-1 at 5). Discover points to another district court's opinion describing the relationship between merchants such as Plaintiff, acquirers such as Chase, and payment card brands or issuers such as Discover, to "contextualize the alleged contractual relationship between Plaintiff and Discover":

> Every day, merchants swipe millions of customers' payment cards. In the seconds that pass between the swipe and approval (or disapproval), the transaction information goes from the point of sale, to an acquirer bank, across the credit-card network, to the issuer bank, and back. Acquirer banks contract with merchants to process their transactions, while issuer banks provide credit to consumers and issue payment cards. The acquirer bank receives the transaction information from the merchant and forwards it over the network to the issuer bank for approval. If the issuer bank approves the transaction, that bank sends money to cover the transaction to the acquirer bank. The acquirer bank then forwards payment to the merchant. A bank often acts as both an issuer and an acquirer. Banks frequently outsource the processing functions    to    companies    specializing    in    that    service.

*In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 834 F. Supp. 2d 566, 574 (S.D. Tex. 2011), *rev'd in part sub nom. Lone Star Nat. Bank, N.A. v. Heartland Payment Sys., Inc.*, 729 F.3d 421 (5th Cir. 2013); (Doc. 18-1 at 5). Discover emphasizes that "[o]utlining the various players in this complex system is only half the battle, though, as it then becomes necessary to trace the contractual relationships that bind the participants." (Doc. 18-1 at 5–6).

To describe the various contractual relationships at issue, Discover relies on the    United    States    Court    of    Appeals    for    the    Fifth    Circuit's    decision    in

4

*Paymentech, L.L.C. v. Landry's Inc.*, 60 F.4th 918, 922 (5th Cir. 2023), which emphasized:

> The system involves various contractual relationships. The Payment Brands contract with both issuers and acquirers. Acquirers, in turn, contract with merchants. ***Importantly, the Payment Brands have no direct contractual relationship with merchants; they contract only with a merchant's acquirer.*** Nor do acquirers and issuers contract with one another; they are connected only indirectly via their respective contracts with the Payment Brands. This diagram from one of the parties' briefs helpfully sketches these relationships:



*Id.* (emphasis added); (Doc. 18-1 at 6).

Discover contends that based on Plaintiff's allegations, Discover was acting as an "issuer" or a "payment brand" with respect to the transactions at issue. (Doc. 18-1 at 6–7). Discover argues that its alleged role as an issuer or payment brand is insufficient to allege a contractual relationship between Plaintiff and Discover because merchants do not have a contractual relationship with card issuers or payment brands. (Doc. 18-1 at 6–7 (citing *Paymentech, L.L.C.*, 60 F.4th at 922 ("Importantly, the Payment Brands have no direct contractual relationship with

merchants[.]")).

Plaintiff opposes Discover's Motion, arguing that it "believes, and has pled, that a contractual relationship does exist" between Plaintiff and Discover. (Doc. 20 at 1). Without addressing Discover's substantive arguments, Plaintiff relies almost exclusively on the legal standard on a motion to dismiss, asking the Court to deny Discover's Motion because the Court must accept Plaintiff's Petition "as true and viewed in the light most favorable to Plaintiff[.]" (*Id.*). Alternatively, Plaintiffs requests leave to amend its Petition. (*Id.* at 2).

Under Louisiana law, "[a] contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." La. Civ. Code art. 1906. The party claiming the existence of a contract bears the burden of proof. La. Civ. Code art. 1831 ("A party who demands performance of an obligation must prove the existence of the obligation."). Further, "Louisiana jurisprudence has established that the party demanding performance bears the burden of proving the obligation by a preponderance of the evidence." *Id.*, comment (b).

Here, Plaintiff alleges that "Defendants are in possession of, or have wrongfully transferred, the funds which rightfully belong to Plaintiff and, in doing so, [Defendants] have violated the terms of their contracts with Plaintiff by failing to deliver said funds." (Doc. 29-1 ¶ 11). Though these allegations suggest that a contractual relationship may have existed between Plaintiff and Discover, the allegations are vague and insufficient to plausibly allege the existence of an actual contract. *GeoVera Specialty Ins. Co. v. Joachin*, No. CV 18-7577, 2019 WL 3238557,

6

at *7 (E.D. La. July 18, 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). Plaintiff fails to assert any facts detailing the manner in which its alleged contract with Discover was formed, the exact terms of the contract, or whether the contract was written or oral. *See id.* Plaintiff's one-and-a-half-page Opposition brief does not specify any additional details about its alleged contract with Discover but merely contends that Plaintiff "believes" one exists. (Doc. 20). The Court finds that Plaintiff's Petition alleges insufficient facts to state a breach of contract claim against Discover. Accordingly, the Court will dismiss Plaintiff's sole claim against Discover.

Because this case is in its infancy, however, and because Federal Rule of Civil Procedure 15 requires the Court to "freely give leave [to amend] when justice so requires[,]" the Court will provide Plaintiff 21 days to amend its Complaint to address the deficiencies discussed herein, if possible.

## V.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Discover Bank's **Motion To Dismiss (Doc. 18)** is **GRANTED**.

**IT IS FURTHER ORDERED** that, if desired, Plaintiff shall amend its

Complaint within 21 days of the issuance of this Ruling and Order.


Baton Rouge, Louisiana, this _27th_ day of February, 2026

_____

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**